UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br><br>Defendant. | No. 2:17-cv-00003-AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow plaintiff's motion for summary judgment will be DENIED and defendant's cross-motion for summary judgment will be GRANTED.

////

////

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

# I. PROCEDURAL BACKGROUND

Plaintiff initially applied for DIB on September 5, 2011, Administrative Record ("AR") at 162 ("Initial Decision," AR at 162-177).[2] The disability onset date was alleged to be April 1, 2010. Id. The claim was initially denied on February 23, 2012, and upon reconsideration on October 19, 2012. Id. Plaintiff then filed a request for hearing on December 12, 2012 (20 C.F.R. 415.1429 *et seq*.), and appeared at the hearing held on June 27, 2013, presided over by ALJ Timothy Snelling and attended by plaintiff's attorney Mary E. Heard. AR at 162, 177.

On August 7, 2013, the ALJ found plaintiff "not disabled" under sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR at 177. Plaintiff appealed this decision. AR at 183. On April 8, 2015, the Appeals Council granted plaintiff's request to review under the error of law provision of the Social Security Administration regulations (20 C.F.R. 404.970). AR at 183. The Appeals Council vacated the decision of the ALJ and remanded the case for further hearing. AR at 183-84.

On November 25, 2015, the ALJ heard the remanded case. AR at 29 ("Decision," AR at 29-54). This hearing was presided over by ALJ Timothy Snelling and was attended by John J. Komar, an Impartial Vocational Expert ("VE") and by plaintiff's attorney Amanda Foss. AR at 29. On January 14, 2016, the ALJ found plaintiff "not disabled" under sections 216(i) and 223(d) of the Social Security Act. AR at 54. On October 28, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR at 8-10.

Plaintiff filed this action on December 30, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 5 & 6. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF No. 15 (plaintiff's summary judgment motion dated August 11, 2017) and ECF No. 20 (Commissioner's cross-motion for summary judgment dated October 25, 2017).

---

[2] The AR is electronically filed in multiple segments at ECF Nos. 9-3 to 9-48.

## II. FACTUAL BACKGROUND

Plaintiff was born on December 14, 1966, and accordingly was, at age 43, a younger person under the regulations on the alleged disability onset date.[3] AR at 52. Plaintiff has at least a high school education, and can communicate in English. Id.

## III. LEGAL STANDARDS

The Commissioner's decision that plaintiff is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .". Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) *quoting* 42 U.S.C. § 405(g).

Substantial evidence is "'more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278

---
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . .'." Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003)(setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI. The following summarizes the sequential evaluation.

> Step one: Is the plaintiff engaging in substantial gainful activity? If so, the plaintiff is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the plaintiff have a "severe" impairment? If so, proceed to step three. If not, the plaintiff is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

Step three: Does the plaintiff's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1? If so, plaintiff is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

Step four: Does the plaintiff's residual functional capacity make him capable of performing his past work? If so, the plaintiff is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

Step five: Does the plaintiff have the residual functional capacity to perform any other work? If so, the plaintiff is not disabled. If not, the plaintiff is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The plaintiff bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a)(same). However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the plaintiff is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012).

## V. THE ALJ's FINDINGS

The ALJ made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2013.

2. [Step 1] The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 1, 2010 through his date last insured of September 30, 2013 (20 CFR 404.1571 *et seq.*).

3. [Step 2] During the period adjudicated, the claimant has had the following medically severe combination of impairments: major depressive disorder; diabetes mellitus; degenerative disc disease of the lumbar spine; adjustment disorder; arthritis of the left shoulder status post arthroscopy and debridement; alcohol dependence in recent remission; polysubstance abuse in full remission; chronic pain syndrome; recurrent headaches; right carpal tunnel syndrome status post carpal tunnel release; anxiety disorder; and mild degenerative changes and sprain/strain of the cervical spine (20 CFR 404.1520(c)).

5

4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1467(b): the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; he can stand and walk six of eight hours; he can occasionally stoop; he can reach above shoulder level with his left upper extremity occasionally; he cannot climb ladders, ropes, or scaffolding; and he can have no more than occasional face-to-face interaction with the general public, co-workers, or supervisors, which is one third of the workday with each group.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. [Step 5] The claimant was born on December 14, 1966 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability date (20 CFR 404.1563).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1469 and 404.1569(a)).

11. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed (20 CFR 404.1469 and 404.1569(a)).

12. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 1, 2010, the alleged onset date, through September 30, 2013, the date last insured (20 CFR 404.1520(f)).

AR 32-54.

IV.     ANALYSIS

Plaintiff alleges that the ALJ erred by improperly evaluating his own testimony.[4] ECF No. 15 at 3. Plaintiff argues that the ALJ used unacceptable boilerplate language, failing to point to the specific findings that show he did not arbitrarily discredit plaintiff's testimony. Id. at 10 ("the ALJ failed to articulate any rationale sufficient to demonstrate Jeffrey Aguilar was anything other than credible"). Plaintiff requests that the matter be reversed and remanded to the Commissioner for an immediate award of benefits or, in the alternative, further administrative proceedings. Upon a complete review of the record and relevant law, the court finds that the ALJ did not err in discounting plaintiff's subjective testimony.

The ALJ's credibility determination must be supported by findings that are sufficiently specific to allow a court to find that the ALJ did not "arbitrarily discredit" a claimant's statements. Thomas, 278 F.3d at 958. The evaluation of subjective testimony requires a two-step analysis. First, the ALJ must examine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir.2009). If this is found, and there is no evidence of malingering, the ALJ must give "specific, clear, and convincing reasons" to reject plaintiff's claims regarding the severity of his symptoms. Id.

A non-exhaustive list of factors the ALJ may consider when weighing the claimant's credibility include (1) the claimant's reputation for truthfulness, (2) inconsistencies in either the claimant's testimony or between his testimony and conduct, (3) the claimant's daily activities, (4) the claimant's work record, and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. Thomas, 278 F.3d at

---

[4] Although the court understands plaintiff's motion to challenge only the treatment of plaintiff's own testimony, plaintiff switches gender pronouns throughout the motion, raising the remote possibility that counsel may also be challenging the treatment of plaintiff's wife's lay witness testimony. Even if this motion was intended to also challenge the lack of credibility finding regarding Mrs. Julie Aguilar, this would not alter this court's decision. See Valentine v. Commissioner, 574 F.3d 685, 694 (because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the claimant's wife's lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the wife's] testimony"). The ALJ noted that Mrs. Aguilar's lay witness testimony largely echoed the testimony of her husband. See, e.g., AR at 35.

858-59.  An ALJ is not "required to believe every allegation" of disabling pain.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing."  Thomas, 278 F.3d at 859.

In this case the ALJ found that plaintiff's underlying impairments could reasonably produce the symptoms and pain alleged, but provided ample specific, clear, and convincing reasons to support his finding that plaintiff's subjective testimony is not credible.  AR 35-52.  First, the ALJ found plaintiff's statements to be inconsistent with the medical record.  AR at 37.  Plaintiff testified at various hearings that he is unable to work due to a combination of severe weekly headaches, arthritis in his neck and back, muscle spasms, shoulder pain, depression, and constant anxiety.  AR at 36.  The ALJ noted that in the medical record, the plaintiff failed to voice regular complaints of pain or limitations.  AR at 38.  Additionally, the ALJ pointed to lab work indicating that, overall, his diabetes was adequately controlled with treatment and that his physical examinations were unremarkable with "no tenderness or pain with palpation and/or range of motion."  AR at 37, 1426, 1434, 1443, 1504, 1509-10.  Further, the ALJ found the medical record indicated plaintiff had reported a pattern of overall improvement with conservative pain management treatment for his cervical and lumbar impairments, as well as his migraines.  AR at 41-42, 1504, 1538, 1590, 1611.  The ALJ found plaintiff's impairments of his diabetes and pain were managed "with medications and lifestyle changes," contrary to plaintiff's claims of persistently incapacitating impairments.  AR at 37.

Regarding plaintiff's mental impairments, the ALJ found that the plaintiff's psychiatric impairments continued to improve due to adjustments in medications and tools used to manage symptoms.  AR at 38.  For instance, the ALJ found that, in 2015, the record indicated that the plaintiff consistently "reported and demonstrated" gradual improvement of his symptoms due to continued counselling and medication.  Id.  During this time, the ALJ stated, plaintiff was able to stay home and take are of a newborn baby.  AR at 39, 1402 ( chart notes stating "father to be 1st child, less stress, feels fine"), 1444.  The record also shows plaintiff had recently stopped attending group therapy sessions and reduced his individual counseling sessions.  AR at 38.  The

ALJ found this evidence from the medical record was inconsistent with plaintiff's testimony regarding the severity of his mental impairments.

The ALJ also identified inconsistencies between plaintiff's testimony and his daily activities, as well as noting observations from a medical professional that plaintiff is not reliable. With respect to the observations of others, the ALJ relied on the opinion of examining physician Dr. Gerald C. Barnes, who opined that he believes the plaintiff "tends to embellish his complaints and demonstrates less than full effort during examination." AR at 52, 1385. Reliance on such an observation is proper grounds for discounting plaintiff's subjective statements; an ALJ may consider observations when assessing the claimant's credibility and functional abilities. See, e.g., 20 C.F.R. § 404.1529(c)(3) ("We will consider . . . observations by our employees and other persons").

With respect to daily activities, the ALJ noted that plaintiff was able to do laundry, mow the lawn, take out the trash, shop for groceries, prepare simple meals, drive, manage his finances, follow instructions, care for his grooming and hygiene, use telephones and computers, provide care for his son, travel, and manage his medical care and appointments. AR at 33. The ALJ found this evidence of plaintiff's daily activities to be inconsistent with his testimony regarding his limitations and the severity of his impairments. AR at 37. When coupled with an objective medical record that does not support plaintiff's claims of limitations and severity, a finding that plaintiff's daily activities are inconsistent with plaintiff's testimony is sufficient to discredit the plaintiff. Carmickle v. Commissioner, SSA, 533 F.3d 1155, 1163 (9th Cir. 2008).

In evaluating plaintiff's credibility, the ALJ sufficiently and specifically addressed the claimant's reputation for truthfulness, the claimant's daily activities, and contradictions between plaintiff's testimony and the medical record. Based on these findings, which are supported by substantial evidence, the ALJ reasonably concluded that the plaintiff's allegations as to the intensity, duration, and functionally limiting effects of his impairments were not fully credible. AR at 39. For this reason, plaintiff's motion for summary judgment is DENIED.

////

////

9

V.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: February 7, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE